393 F.3d 97
 In re: Stanley & Susan POTTER, Debtors.
Mortgage Lenders Network, USA, d/b/a Family Credit Connection Defendant-Appellant,
v.
Jan M. Sensenich, Trustee, Stanley and Susan Potter, Plaintiffs-Appellees,
United States Trustee, Trustee.
 Docket No. 02-5016.
 United States Court of Appeals, Second Circuit.
 Argued: November 27, 2002.
 Decided: December 14, 2004.
 
 This is an appeal from a January 2002 judgment of the United States District Court for the District of Vermont (Murtha, J.), affirming the decision of the United States Bankruptcy Court for the District of Vermont (Brown, J.), which granted the trustee's motion for summary judgment on the ground that, under Vermont law, the act of recording a copy of a foreclosure proceeding based upon an invalid mortgage cannot cure the mortgage's fatal defect and create a valid instrument for purposes of constructive notice.
 In December 2002, we certified the controlling question of law in this case to the Vermont Supreme Court. Mortgage Lenders Network, USA v. Sensenich (In re Potter), 313 F.3d 93, 96-97 (2d Cir.2002). In November 2004, that Court held, contrary to the decisions below, that the recording of a foreclosure complaint together with the subsequent issuance of a foreclosure decree suffices to give purchasers constructive notice. Mortgage Lenders Network, USA v. Sensenich, 2004 Vt. 107, 2004 WL 2415880 (Vt. Oct 18, 2004).
 Vacated and Remanded.
 Christopher O'C. Reis, Webber, Reis, Holler & Urso, Randolph, Vermont, for defendant-appellant.
 Jan M. Sensenich, White River Junction, Vermont, for plaintiffs-appellees.
 Before: LEVAL and CALABRESI, Circuit Judges, and TRAGER, District Judge.*
 PER CURIAM.
 
 
 1
 Familiarity with the facts of this case, as set forth in our decision in Mortgage Lenders Network, USA v. Sensenich (In re Potter), 313 F.3d 93 (2d Cir.2002), is assumed. Therefore, we repeat only the central facts. On December 10, 1998, Stanley and Susan Potter executed a mortgage with defendant Mortgage Lenders Network, USA ("MLN"). The mortgage was recorded in the land records, but the Potters' signatures were not witnessed as required by Vermont law, Vt. Stat, Ann. tit. 27, § 341.[2]
 
 
 2
 On January 24, 2000, MLN initiated a foreclosure against the Potters in superior court and recorded a copy of the foreclosure complaint in the Rutland City land records. On March 31, 2000, the superior court issued a judgment order and decree of foreclosure in favor of MLN.
 
 
 3
 Subsequently, on May 22, 2000, the Potters filed for chapter 13 bankruptcy. The chapter 13 trustee initiated this action in federal court in an effort to avoid the mortgage. The trustee based this action on the fact that the mortgage was not properly witnessed. MLN responded that its filing of the foreclosure complaint constituted constructive notice under Vermont law.
 
 
 4
 The United States Bankruptcy Court for the District of Vermont (Brown, J.) awarded summary judgment to the trustee, and the United States District Court for the District of Vermont (Murtha, J.) affirmed. The district court held that the proper filing of a foreclosure complaint did not serve as constructive notice of the underlying defective mortgage and did not thereby divest the bankruptcy trustee of the ability to avoid the lien.
 
 
 5
 Believing it was unclear whether the state courts in Vermont would adhere to that position, we certified the following question to the Vermont Supreme Court:
 
 
 6
 Where a recorded mortgage was not witnessed, does the filing of a foreclosure complaint suffice under Vermont law to give subsequent purchasers constructive notice of that mortgage and thereby make it valid and binding on subsequent purchasers?
 
 
 7
 In re Potter, 313 F.3d at 96-97. We also invited the Vermont Supreme Court to modify or expand on our certified question. See id. at 97.
 
 
 8
 The Vermont Supreme Court did in fact somewhat rephrase the certified question and answered it in the affirmative. Specifically, in its final (revised) opinion, that Court held that where a recorded mortgage was not witnessed, the recording of a foreclosure complaint and the subsequent issuance of a foreclosure decree sufficed to give purchasers constructive notice of the mortgage, and therefore made the mortgage and foreclosure decree valid and binding on subsequent purchasers. See Mortgage Lenders Network, USA v. Sensenich, 2004 Vt. 107, 2004 WL 2415880 (Vt. Oct. 18, 2004).
 
 
 9
 The Vermont Supreme Court's answer to the certified question is dispositive of this appeal, and accordingly, we VACATE the judgment of the district court and REMAND this case to that court for further proceedings in light of the opinion of the Vermont Supreme Court.
 
 
 
 Notes:
 
 
 *
 The Honorable David G. Trager, District Judge of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [2]
 Section 341 has subsequently been amendedSee 2003 Vt. Acts & Resolves 150, § 5 (Adj. Sess.).